IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROBERT COCKHILL; and ASHLEY**                **PLAINTIFFS**
**COCKHILL, Individually and as Parent**
**and Next Friends of B.C. and G.C., Minors**

**VS.**                **CIVIL ACTION NO.** 3:23-cv-266-DPJ-FKB

**BILLY COLE, II; and TYSON FOODS, INC.**                **DEFENDANTS**

## NOTICE OF REMOVAL

Defendants Tyson Foods, Inc. ("Tyson") and Billy Cole, II ("Cole", collectively "Defendants"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby give notice of removal of the civil action filed against them by Plaintiffs Robert Cockhill and Ashley Cockhill, individually and as parent and next friends of B.C. and G.C., minors ("Plaintiffs"), in the Circuit Court of Hinds County, Mississippi, First Judicial District, (23-cv-116), to the United States District Court for the Southern District of Mississippi, Northern Division. In support of this Notice of Removal, Defendants state as follows:

### BACKGROUND

1. On February 22, 2023, Plaintiffs commenced this action against Cole, Tyson, and United States Automobile Association ("USAA") in the Circuit Court of Hinds County, Mississippi, First Judicial District, Civil Action No. 23-cv-116. *See* **[Certified State Court File (Ex. 1)]** at 4–9.

2. Plaintiffs allege in their Complaint that Plaintiffs Robert Cockhill, Ashley Cockhill, and their two minor children, B.C. and G.C. are "resident citizen[s] of New Braunfels, Comal County, Texas." Ex. 1 at 4 (¶¶1–2).

1

3. Plaintiffs correctly allege that Cole is an adult resident citizen of Alexander, Saline County, Arkansas and that Tyson is a corporation organized under Delaware law that maintains its principal place of business in Springdale, Arkansas. Ex. 1 at 4 (¶¶3–4).

4. In their Complaint, Plaintiffs assert that they were involved in an automobile accident on Interstate 220 in Jackson, Hinds County, Mississippi (the "Accident") with Cole. They allege that one or more of various allegedly negligent acts "and violations of the Mississippi Code Annotated by [Cole], imputed to [Tyson], were the direct and proximate cause of the collision at issue and Plaintiffs' resulting injuries and damages." Ex. 1 at 5, 7 (¶¶7, 17).

5. The Complaint asserts that each of the four Plaintiffs "sustained multiple, serious, and disabling injuries" as a result of the Accident. Ex. 1 at 8–11 (¶¶22, 28, 35, 41). Plaintiffs request damages to be awarded by a jury in an amount "not to exceed the sum of **FIVE MILLION DOLLARS ($5,000,000.00)**." Ex. 1 at 9.

6. Plaintiffs' Complaint originally named USAA as a defendant.[1] Plaintiffs asserted that "Plaintiffs were insured under a policy issued by [USAA]," that "[s]aid insurance policy contained uninsured/underinsured motorist coverage," and that USAA "is liable to Plaintiff for the negligence of [Cole] and [Tyson] … pursuant to the terms, conditions and applicable coverage[]s provided to Plaintiffs under the relevant automobile insurance policy." Ex. 1 at 8 (¶¶18–21).[2]

7. On April 18, 2023, Plaintiff and USAA filed a stipulation of dismissal that dismissed USAA from the action pursuant to Rule 41(a)(1)(ii) of the Mississippi Rules of Civil Procedure. Ex. 1 at 56.

---

[1] The Complaint contains no allegations concerning USAA's citizenship.

[2] The Complaint asserted that the policy "was attached as Exhibit 'A'," but no such policy was attached to Plaintiff's Complaint. *See* Ex. 1.

8.     Cole was served with process on March 23, 2023.[3] Tyson was served on March 27, 2023. *See* **[Tyson's Service of Process Transmittal from Registered Agent (Ex. 2)]**. Neither Cole nor Tyson has entered an appearance in the Hinds County Circuit Court. *See* Ex. 1; **[State Court Docket (Ex. 3)]**.

## DIVERSITY JURISDICTION

9.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship. Plaintiffs do not share a state of citizenship with any defendant, and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332.

10.    In accordance with 28 U.S.C. § 1332, each Plaintiff in this action is diverse in citizenship from each Defendant. All Plaintiffs are citizens of Texas. Ex. 1 at 4 (¶¶1–2). Cole is a citizen of Arkansas. Ex. 1 at 4 (¶3). Tyson is a citizen of Delaware and Arkansas. Ex. 1 at 4 (¶4); *see also* **[Mississippi Secretary of State Information (Ex. 4)]**.[4]

11.    This Court need not consider the citizenship of USAA for purposes of its diversity jurisdiction analysis because USAA was voluntarily dismissed from this action prior to the filing of this notice of removal pursuant to Mississippi Rule of Civil Procedure 41(a)(1)(ii). That Rule provides that a party may be dismissed from the action "without order of court … by filing a stipulation of dismissal signed by all parties who have appeared in the action." Miss. R. Civ. P. 41(a)(1)(ii). Both counsel for Plaintiffs and USAA—the only defendant that had entered an appearance in the action—executed the joint stipulation of dismissal. *See* Ex. 1 at 56; Ex. 3.

12.    Although Defendants deny that Plaintiffs are entitled to any relief whatsoever from Defendants, the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied. Each of the

---

[3] As of the date of this notice of removal, Plaintiffs have not filed any proof of service for Cole or Tyson in the state court docket. Ex. 1; Ex. 3.

[4] This Court may also take judicial notice of jurisdictional documents on file with the Mississippi Secretary of State. *See, e.g., Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 518 (5th Cir. 2015).

four Plaintiffs allegedly "sustained multiple, serious, and disabling injuries" as a result of the Accident and seek damages to be awarded by a jury in an amount "not to exceed the sum of **FIVE MILLION DOLLARS ($5,000,000.00)**." Ex. 1 at 8–12 (¶¶22, 28, 35, 41). It is facially apparent from the allegations in the Complaint, the nature of the claims asserted under Mississippi law, and the monetary relief demanded in the Complaint that the amount in controversy exceeds the threshold for diversity jurisdiction.

## **SATISFACTION OF REMOVAL REQUIREMENTS**

13. All requirements for removal are satisfied.

14. This notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1). Cole was served on March 23, 2023, and Tyson was served on March 27, 2023, Ex. 2, and, therefore, the Defendants have timely removed this case with 30 days of service of the Complaint. *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal"). In the alternative, Defendants have timely removed within 30 days of receipt of the stipulation of dismissal of USAA. *See* 28 U.S.C. § 1446(b)(3); Ex. 1 at 56.

15. Removal to this Court is appropriate pursuant to 28 U.S.C. § 1441(a) because this is the district and the division embracing the Hinds County Circuit Court, First Judicial District, where this action was pending prior to this notice of removal.

16. In accordance with 28 U.S.C. § 1446(a), a copy of all process and pleadings and orders served upon Defendants are attached as Exhibit 3. Moreover, Defendants have attached as Exhibit 1 a certified copy of the entire state court record.

17. In accordance with 28 U.S.C. § 1446(d), Plaintiffs are being served with a copy of this notice of removal and exhibits upon their counsel of record, Derek Fairchilds, *via* United States mail to 488 South Mendenhall, Memphis, Tennessee 38117 and *via* electronic mail to

dfairchilds@nstlaw.com. Additionally, written notice of this notice of removal with an attached copy of this notice of removal is being filed with the Clerk of the Circuit Court of Hinds County, Mississippi, First Judicial District.

WHEREFORE, Tyson Foods, Inc. and Billy Cole, II, file this notice of removal and remove this action to the United States District Court for the Southern District of Mississippi, Northern Division for further proceedings and disposition.

YOU ARE HEREBY NOTIFIED to proceed no further in state court proceedings previously pending in the Circuit Court of Hinds County, Mississippi, First Judicial District.

Dated: April 20, 2023.

Respectfully submitted,

**TYSON FOODS, INC. AND BILLY COLE, II**

By: */s/ William Trey Jones, III*
One of Their Attorneys

OF COUNSEL:

William Trey Jones, III (MSB #99185)
tjones@brunini.com
Norman E. "Benje" Bailey (MSB #100053)
bbailey@brunini.com
Jacob A. Bradley (MSB #105541)
jbradley@brunini.com
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street (39201)
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

## **CERTIFICATE OF SERVICE**

I, William Trey Jones, III, hereby certify that I have this day filed the foregoing document *via* the Court's electronic filing system which served a copy upon all counsel of record. I certify that I filed this document on the electronic filing system for the Hinds County Circuit Court, First Judicial District, which served a copy upon all counsel of record. I have also served the following *via* United States mail and electronic mail to:

Derek Fairchilds
488 South Mendenhall
Memphis, Tennessee 38117
dfairchilds@nstlaw.com

Dated: April 20, 2023.

*/s/ William Trey Jones, III*
William Trey Jones, III